UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MARCO A. HENDRICKSON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:18-cv-316-GFVT |
| ) | |
| v. ) | |
| ) | |
| GREGORY KIZZIAH, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |

*** *** *** ***

Federal inmate Marco A. Hendrickson has filed original and supplemental *pro se* petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1; R. 6.] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

**I**

In December 2008, Hendrickson and two accomplices robbed a restaurant in Tulsa, Oklahoma at gunpoint. After one accomplice fired his gun several times into the ceiling and ordered everyone to get down on the floor, Hendrickson told an employee to open the register or he would shoot someone. The trio made off with $1,200.00 but were arrested shortly thereafter. A grand jury issued an indictment charging all three participants with committing and aiding and

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hendrickson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951, 2. Hendrickson was also charged with possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Two months later, Hendrickson agreed to plead guilty to both charges without a written agreement.

The presentence report concluded that Hendrickson's offense level was 24 and his criminal history was category VI. However, it further determined that he qualified as a career offender under § 4B1.1 of the Sentencing Guidelines because he had two or more prior convictions for a "crime of violence" or for a "controlled substance offense." Specifically, he had prior convictions in Oklahoma for possessing an illegal sawed-off shotgun, escaping from a county jail, and possessing marijuana with intent to distribute. Application of the career offender enhancement raised his offense level to 32 but did not affect his criminal history category. Accounting for Hendrickson's acceptance of responsibility, application of the enhancement increased his guidelines range for the Hobbs Act robbery charge from 77 to 96 months to 151 to 188 months imprisonment. In addition, Hendrickson's accomplice had discharged a firearm during the robbery . Because those actions were attributable to Hendrickson as an aider and abettor, he was subject to a ten-year mandatory minimum sentence on the § 924(c) count. 18 U.S.C. § 924(c)(1)(A)(iii).

In April 2009, the trial court sentenced Hendrickson at the bottom end of the guidelines range to 151 months imprisonment on the robbery charge and to a consecutive term of 120 months imprisonment on the § 924(c) conviction. Hendrickson did not file a notice of appeal. He later asserted that he had directed his attorney to do so, but his counsel stated that he had not. Hendrickson's untimely appeal was later dismissed for lack of jurisdiction by the Tenth Circuit Court of Appeals. *United States v. Hendrickson*, No. 4: 08-CR-197-JHP-2 (N.D. Okl. 2008).

In April 2010, Hendrickson filed a motion to vacate pursuant to 28 U.S.C. § 2255. He contended that his counsel was ineffective because he failed to file a notice of appeal as directed, did not challenge the career offender enhancement, and did not challenge the application of the ten-year mandatory minimum sentence pursuant to § 924(c)(1)(A)(iii). The trial court denied that motion in January 2012, finding the first assertion not credible and the second two to be without legal merit. *United States v. Hendrickson*, No. 4: 08-CR-197-JHP-2, 2012 WL 262985 (N.D. Okl. Jan. 30, 2012).

The Tenth Circuit granted a certificate of appealability in light of the Supreme Court's intervening decision in *Alleyne v. United States*, 570 U.S. 99 (2013) as to the claim regarding § 924(c)'s 10-year mandatory minimum. *Alleyne* held that the facts in § 924(c)(1)(A) which increase a mandatory minimum sentence, such as the discharge of a firearm in Hendrickson's case, are elements of the offense which must be found by the jury. *Id*. at 113–15. But because *Alleyne* was decided long after Hendrickson was indicted and pleaded guilty, the Tenth Circuit found that his counsel was not ineffective for failing to anticipate its holding. The court further concluded that before *Alleyne* was decided, "although the Sixth Amendment does entitle a defendant, like Mr. Hendrickson, to notice in an indictment of the elements of the crime with which he is charged, it does not guarantee him the right to notice of facts or theories of liability that merely support sentencing enhancements." Accordingly, in light of the law in effect at the time of sentencing, application of the mandatory minimum was not inappropriate even though the indictment did not advise Hendrickson that he was subject to a sentencing enhancement as an aider or abettor to his accomplice's discharge of a firearm. *United States v. Hendrickson*, 592 F. App'x 699, 701–05 (10th Cir. 2014).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and upon permission from the Tenth Circuit, in 2016 Hendrickson filed a second motion under § 2255 challenging application of the career offender enhancement to his sentence. He contended that that his prior convictions for escape and possession of a sawed off shotgun could only qualify as "crimes of violence" under the residual clause found in U.S.S.G. § 4B1.2(a)(2), and that *Johnson's* invalidation of the similarly-worded residual clause found in 18 U.S.C. § 924(e)(2)(B) should extend to the comparable guidelines provision. But following the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), the trial court found that contention to be without merit and denied the petition. *United States v. Hendrickson*, No. 4: 08-CR-197-JHP-2, 2017 WL 2405374 (N.D. Okl. June 2, 2017).

## II

### A

Through his original and supplemented petitions in this matter, Hendrickson asserts variations of the two claims he asserted in his first and second motions under § 2255. In his original § 2241 petition, Hendrickson contends that his § 924(c) sentence was improperly enhanced to a ten-year mandatory minimum under § 924(c)(1)(A)(iii) because under *Alleyne* that enhancement and the facts supporting it had to be set forth in the indictment and found by a jury. [R. 1 at 2, 5–8]

But Hendrickson may not assert this claim in a § 2241 petition. A prisoner may challenge the enhancement of his federal sentence in a § 2241 petition only in a narrow set of circumstances. To qualify, the petitioner must (1) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory; (2) point to a Supreme Court

decision—issued after the petitioner's sentence became final and which is retroactively applicable to cases on collateral review—which establishes that as a matter of statutory interpretation one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence; and (3) establish that the new decision could not have been invoked in an initial or successive § 2255 motion. *Hill v. Masters*, 836 F. 3d 591, 595, 599–600 (6th Cir. 2016).

Hendrickson does not meet these requirements. His sentence was imposed in 2009, long after *Booker* had rendered the sentencing guidelines advisory. A challenge to the enhancement of his sentence therefore fails to satisfy *Hill's* threshold requirement for cognizability. *See Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* . . . On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at 2–3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3–4 (E.D. Ky. Dec. 14, 2018), *appeal filed*, No. 19-5010 (6th Cir. 2019).

In addition, Hendrickson fails to point to retroactively applicable precedent from the Supreme Court which establishes that, as a matter of statutory interpretation, his prior offenses were not valid predicates to enhance his sentence. *Hill*, 836 F. 3d at 599–600. Instead, he relies upon the Sixth Circuit's decision in *Harrington v. Ormond*, 900 F. 3d 246 (6th Cir. 2018), which he characterizes as holding that *Alleyne* and *Burrage v. United States*, 571 U.S. 204 (2014) are retroactively applicable to cases on collateral review. This is incorrect in several respects. First, *Harrington* held that *Burrage* was retroactive, *Harrington*, 836 F. 3d at 249–50, but it makes no

5

mention of *Alleyne* at all. And *Burrage* has no bearing upon Hendrickson's claims. In that case, the Supreme Court held that the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C)—a provision not implicated in Hendrickson's case—cannot be applied unless the government establishes that drugs distributed by the defendant were a but-for cause of the death or injury of another. *Burrage*, 571 U.S. at 218–19. *Harrington* correctly held that because the *Burrage* "narrow[ed] the scope of a criminal statute by interpreting its terms," it applied retroactively to cases on collateral review. 836 F. 3d at 249 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)).

In contrast, *Alleyne's* requirement that a jury must find any fact necessary to apply a mandatory minimum sentencing provision is procedural rather than substantive under *Schriro*. The Sixth Circuit, consistent with the view of every other court of appeal to consider the question, has held that *Alleyne* does not apply retroactively to cases on collateral review. *In re: Mazzio*, 756 F.3d 487, 489–91 (6th Cir. 2014) ("*Alleyne* does not fall into either *Teague* exception because it is not a substantive rule and it also does not meet the high standard for new rules of criminal procedure. . . . We now hold that *Alleyne* does not apply retroactively to cases on collateral review.") (collecting cases). *Alleyne's* holding is also based upon the Sixth Amendment. That decision thus involved an issue of constitutional law rather than statutory interpretation, and hence a claim based upon it is not cognizable under § 2241. *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014); *Poe v. LaRiva*, 834 F. 3d 770, 773 (7th Cir. 2014) ("Poe's § 2241 petition fails the first *Davenport* condition because *Alleyne* is a constitutional case, not a statutory-interpretation case."); *Thai v. Warden Lewisburg USP*, 608 F. App'x 114, 116–17 (3d Cir. 2015). The Court therefore lacks jurisdiction to entertain Hendrickson's first claim in this proceeding under § 2241.

6

**B**

In his supplemental petition, Hendrickson contends that his conviction under § 924(c) for using a firearm during the commission of a crime of violence is invalid because Hobbs Act robbery under § 1951 is not a "crime of violence" in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). He argues that the residual clause found in 18 U.S.C. § 924(c)(3)(B) should be considered unconstitutionally vague in light of the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2251 (2015) (holding similarly-worded residual clause in 18 U.S.C. § 924(e)(2)(b) unconstitutionally vague) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding similarly-worded residual clause in 18 U.S.C. § 16(b) unconstitutionally vague in light of *Johnson*). If so, he continues, that leaves only the "elements" clause found in § 924(c)(3)(A), but (he contends) Hobbs Act robbery does not satisfy that provision. [R. 6-1.]

Hendrickson's arguments are fundamentally misplaced. Because this claim challenges his § 924(c) conviction rather than his sentence, he must show that after his conviction became final, the Supreme Court issued a retroactively applicable decision interpreting the federal criminal statute under which the petitioner was convicted in such a manner that the conduct underlying the conviction is no longer criminal. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Charles v. Chandler*, 180 F. 3d 753, 756–58 (6th Cir. 1999). But none of the decisions upon which Hendrickson relies (*Mathis*, *Dimaya*, and *Johnson*) are based upon or interpret the scope of 18 U.S.C. § 924(c). Indeed, *Johnson* and *Dimaya* are constitutional cases rather than cases of statutory interpretation, and hence cannot be invoked in a § 2241 petition as grounds for relief.

And while Hendrickson invokes *Mathis*, his claim is in no way based upon it: he does not contend that the trial court impermissibly viewed an indivisible statute as a divisible one by misconstruing means as elements. To the contrary, he notes that the Hobbs Act is divisible because it criminalizes robbery and extortion. See *United States v. Gooch*, 850 F. 3d 285 (6th Cir. 2017). What Hendrickson actually contends is that § 1951(a)'s definition of robbery under the Hobbs Act is overbroad "because the elements of conspiracy to commit Hobbs Act [robbery] do not require an over act to be committed; only the establishment that an agreement existed to commit Hobbs Act robbery or extortion." [R. 6-1 at 4–6.] As a factual matter, this ignores that Hendrickson pled guilty to actually committing a robbery, both as a principal and as an accomplice, not to conspiracy. More fundamentally, his overbreadth argument arises not under *Mathis* but under *Taylor v. United States*, 495 U.S. 575 (1990), and hence is one that he could and must have made during sentencing, on direct appeal, or in an initial § 2255 motion. Having failed to do so, he may not invoke § 2241 for that purpose. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001); *Perez-Ortiz v. Snyder-Norris*, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018).

### III

This claim is also substantively without merit. Following the *Johnson* decision, the Sixth Circuit held that § 924(c)(3)(B) is not unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016) ("Because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B), Taylor's argument in this regard is without merit."). But following the Supreme Court's decision in *Dimaya*, the Sixth Circuit's decision in *Taylor* may not stand for long given the similarity of the residual clauses found in § 16(b) and § 924(c)(3)(B). *See United*

*States v. Richardson*, 906 F. 3d 417, 425–26 (6th Cir. 2018). But neither the Supreme Court nor the Sixth Circuit have yet invalidated the latter provision. And even had they done so, the federal courts of appeal have consistently held that Hobbs Act robbery, including liability based upon aiding and abetting, constitutes a crime of violence under § 924(c)(3)(A)'s elements clause. *Richardson*, 906 F.3d at 425–27; *United States v. Garcia-Ortiz*, 904 F.3d 102, 104–05, 109–10 (1st Cir. 2018); *United States v. Deiter*, 890 F.3d 1203, 1215–16 (10th Cir. 2018); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). Hendrickson's challenge to his § 924(c) conviction is therefore substantively without merit. Accordingly, it is hereby **ORDERED** as follows:

1. Marco Hendrickson's original and supplemental petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1; R. 6**] are **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 28th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge